UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. )   Criminal No. 23-CR-10151-FDS <br> ) <br> JONATHAN MELENDEZ-DECATRO, ) <br> a/k/a JONATHAN MELENDEZ DECATRO ) <br> a/k/a JONATHAN MELENDEZ ) <br> DECASTRO, a/k/a JONATHAN CASTRO ) <br> a/k/a "Jacha" ) <br> Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**SAYLOR, C.J.**

WHEREAS, on June 1, 2023, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging the defendant Jonathan Melendez-Decatro, a/k/a Jonathan Melendez Decatro, a/k/a Jonathan Melendez Decastro, a/k/a Jonathan Castro, a/k/a "Jacha" (the "Defendant), with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense;

WHEREAS, on July 16, 2024, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 21 U.S.C. § 853 as a result of a violation of 21 U.S.C. § 846;

1

WHEREAS, the Bill of Particulars identified any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following:

    (a)    $10,371 in United States currency seized from Jonathan Melendez Decatro at 600 Matthew Court, Apt. 103, Braintree, MA on or about June 8, 2023 (the "Currency");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in Paragraph 4 above;

WHEREAS, on January 29, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on January 25, 2025;

WHEREAS, in Section 7 of the plea agreement, the Defendant admitted that the Currency is subject to forfeiture because it constitutes, or is derived from, proceeds of Defendant's offense charged in Count One of the Indictment;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Currency and the offense to

which the Defendant pled guilty, and accordingly, the Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853;

WHEREAS, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Currency and the offense to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Currency and maintain it in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Currency.

6. Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Currency

to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Currency.

9.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

        /s/ F. Dennis Saylor, IV
**F. DENNIS SAYLOR IV**
Chief United States District Judge

Dated:   June 3, 2025



Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: *Melonie Cooke*
    Deputy Clerk

Date: 6/3/2025